IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTHEW BARRETO,                    *
                                    *
            Plaintiff,              *
                                    *
v.                                  *          Civil Case No. SAG-25-3896
                                    *
SAFEWAY CANTON STORE,               *
                                    *
            Defendant.              *

*      *      *      *      *      *      *      *      *      *      *      *      *

## MEMORANDUM OPINION

Plaintiff Matthew Barreto ("Plaintiff") seeks leave to file an Amended Complaint in this employment action. ECF 24. Defendant Safeway Canton Store ("Safeway") opposed the motion, arguing futility. ECF 25. Plaintiff has filed a reply, ECF 26, which he then followed up with a notice that he was withdrawing two counts of his proposed amended complaint, ECF 27, and then a "motion for leave to substitute exhibit," ECF 28, which is essentially a new motion for leave to amend and a new proposed amended complaint.[1] For the reasons stated herein, Plaintiff's motion to amend and motion for leave to substitute will be granted and the Clerk will be directed to file ECF 28-1 as the amended complaint, without prejudice to Safeway's ability to renew its substantive arguments in a motion to dismiss.

## I.      LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave

---

[1] The differences between the first proposed amended complaint, ECF 24-1, and the second, ECF 28-1, are not significant enough to justify another round of complete briefing, particularly as this Court's ruling will permit Safeway's substantive arguments to be addressed in the Rule 12(b)(6) context.

1

when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Safeway argues that the proposed amendment would be futile because the proposed amended complaint still fails to state a claim. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980),

*cert. dismissed*, 448 U.S. 911 (1980))). This Court has discussed the overlap between a court's

review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at

*5 (D. Md. June 8, 2017).

In sum, it does not follow that every plaintiff seeking leave to amend claims must

demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would

render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly

insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the

Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit

of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*,

330 F.2d 997, 998 (4th Cir. 1964).

This Court has reviewed the claims asserted by Plaintiff in ECF 28-1 and finds that they

cannot fairly be described as "clearly insufficient or frivolous on [their] face." The proposed

amended complaint clarifies some legal theories asserted by Plaintiff and provides some additional

facts relevant to his claims. Futility does not provide a basis for its dismissal.

Accordingly, this Court will grant leave to amend and permit Plaintiff to file ECF 28-1 as

his Amended Complaint. Safeway, of course, is free to refile all of its "futility" arguments for this

Court's substantive consideration under the Rule 12(b)(6) standard. Though this procedure is

somewhat lacking in efficiency, allowing Plaintiff's amendment will not prejudice Safeway and will produce the cleanest record for the parties to proceed with this case.

A separate Order follows, which will (1) grant ECF 24 and ECF 28 and (2) direct the Clerk to reopen this case and file ECF 28-1 as the Amended Complaint.

Dated: June 24, 2026                                    _____/s/_____

Stephanie A. Gallagher
United States District Judge

4